IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NETRAYA L. RICE, et al.          )
                                  )
v.                                ) NO. 3-12-1192
                                  ) JUDGE CAMPBELL
CELLCO PARTNERSHIP d/b/a          )
VERIZON WIRELESS                  )

MEMORANDUM

Pending before the Court is Plaintiffs' Combined Motion to Conditionally Certify Collective Action, Order Disclosure of Putative Members' Names and Contact Information, and Facilitate Court-Supervised Notice (Docket No. 33). For the reasons stated herein, Plaintiffs' Combined Motion to Conditionally Certify Collective Action, Order Disclosure of Putative Members' Names and Contact Information, and Facilitate Court-Supervised Notice (Docket No. 33) is GRANTED.

FACTS

Plaintiffs filed this action as a purported collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs contend that they were employed by Defendant in its Murfreesboro, Tennessee call center and that they were regularly required to perform compensable work "off-the-clock."

Plaintiffs ask the Court to conditionally certify this action as a collective action under the FLSA and to authorize Plaintiffs to send notice to all current and former employees of Defendant who worked as customer service representatives at Defendant's call center in Murfreesboro at any time during the last three years. In addition, Plaintiffs ask the Court to require Defendant to provide

Plaintiffs with the name and contact information for each such employee, to post notice of this case in the break rooms at the Murfreesboro call center, and to disseminate notice with paychecks and/or pay stubs. Plaintiffs also ask the Court to approve their proposed Notice and Consent to Join.

In support of the Motion, Plaintiffs submitted their own Declarations (Docket Nos. 33-1 and 33-2). Plaintiffs state that they had to arrive at their desks at least fifteen minutes (and most times 20-30 minutes) before their shift began in order to prepare to log onto the Rockwell phone system and take their first calls. Plaintiffs assert that they witnessed other employees having to do the same pre-shift work and being disciplined if they did not. Plaintiffs state that they were disciplined if they were not prepared to take their first call at the start time and that they were not allowed to include any time not reflected in the Rockwell system. Plaintiffs aver that they were expected to check all e-mails before or after work or during their lunch breaks, and they were not paid for this time. Plaintiffs declare that if they logged their actual time working, they were disciplined and that managers were aware that employees were working "off the clock." Finally Plaintiffs state that, although they were paid for part of their overtime after employees complained, they were not paid all the compensation for off-the-clock work to which they were entitled.

Defendant argues that Plaintiffs have failed to meet their burden for conditional certification under the FLSA. Defendant contends it has no common policy to violate its lawful policies, Plaintiffs cannot establish that they are similarly situated to the proposed class, and Plaintiffs' proposed Notice is inappropriate. Defendant filed 34 Declarations with its Response (Docket No. 49).

## CONDITIONAL CERTIFICATION

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions require similarly-situated employees to "opt in" as party plaintiffs.

The Sixth Circuit recognizes a two-step process to determine whether plaintiffs are similarly situated. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877-78 (6th Cir. 2012). For the first stage, which occurs at the beginning of discovery, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id.*; *see also Ott v. Publix Super Markets, Inc.*, 2013 WL 1874258 at * 1 (M.D. Tenn. May 3, 2013). The court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage. *Id.* If the court determines that conditional certification is warranted, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Id.* at * 2; *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

At the second stage, the court reviews the evidence produced during discovery and determines whether the class should be de-certified. *Ott* at * 2; *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584-87 (6th Cir. 2009). Although the court applies a stricter standard at the second stage, the FLSA plaintiff faces a lower certification burden than a plaintiff seeking certification under Rule 23. *White*, 699 F.3d at 877.

In determining whether plaintiffs are similarly situated, a court may consider whether their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct. *O'Brien*, 575 F.3d at 585. Thus, a plaintiff may

3

show that she is similarly situated to the potential claimants by demonstrating that they were subject to a common policy or plan that violated the law. *Id*.; *Ott* at * 2.

Defendant argues that its written policy prohibits working off the clock and that it enforces that policy. Defendant also challenges the credibility of Plaintiffs' Declarations. Because the Court is not to resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage, it is not persuaded by Defendant's arguments. Defendant's arguments may be more appropriately considered at the second stage concerning decertification.

The Court finds that Plaintiffs have sufficiently shown, for purposes of the first stage lenient standard, that they and the potential class members were subject to a common policy that violated the law. Plaintiffs have provided the "modest factual showing" required for conditional certification of their proposed class under the FLSA. Accordingly, Plaintiffs' Motion for Conditional Certification is GRANTED, and the Court will conditionally certify a collective action for a class consisting of all current and former employees of Defendant who worked as customer service representatives at Defendant's call center in Murfreesboro at any time during the last three years.

## COURT-SUPERVISED NOTICE

Plaintiffs have submitted a proposed Notice and Consent to Become Party Plaintiff (Docket Nos. 33-3 and 33-4). Defendant indicates it has objections to Plaintiffs' proposed Notice. Therefore, the parties shall confer regarding the Notice and shall submit to the Court, by January 27, 2014, a Joint Proposed Notice or separate Proposed Notices if they cannot agree.

## DISCLOSURE OF INFORMATION

The Defendant shall provide to the Plaintiffs, by January 27, 2014, the names and last known mailing addresses of the purported class members. Any disputes regarding this disclosure shall be

4

Case 3:12-cv-01192   Document 53   Filed 01/08/14   Page 4 of 5 PageID #: 1224

decided by the Magistrate Judge. Plaintiffs' requests for additional information and further posting and dissemination of notice are referred to the Magistrate Judge for decision.

    IT IS SO ORDERED.

                                                                                                                                        _____
                                                              TODD J. CAMPBELL
                                                              UNITED STATES DISTRICT JUDGE